UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X
THE ANNUITY AND HEALTH & WELFARE FUNDS
OF THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS                **COMPLAINT**
MARK CAROTENUTO and STANLEY FLEISHMAN,

                                                                            CV-20-1

                                    Plaintiffs,

        -against-

SEA-JET TRUCKING & A.P.A. WAREHOUSES, INC.
d/b/a SEA-JET TRUCKING,

                                    Defendant.
──────────────────────────────────X

      Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("Plaintiffs LOCAL 2013 TRUST FUNDS"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

      1.      This is an action to recover fringe benefit contributions owed to employee fringe benefit trust funds and for the breach of the terms and conditions of two (2) collective bargaining agreements pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA"), respectively.

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, as shown below, Plaintiffs LOCAL 2013 TRUST FUNDS are administered from an office located at 9235 Fourth Avenue in Brooklyn, County of Kings, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 2013 TRUST FUNDS are joint trustee funds established by trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS maintain the subject plans at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. Plaintiffs LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff LOCAL 2013 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

8. Plaintiffs LOCAL 2013 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant SEA-JET TRUCKING & A.P.A. WAREHOUSES, INC. d/b/a SEA-JET TRUCKING ("SEA-JET TRUCKING") was and still is a New York corporation with its principal place of business located at 35 Brunswick Avenue, Edison, New Jersey.

10. Upon information and belief, Defendant SEA-JET TRUCKING was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant SEA-JET TRUCKING was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant SEA-JET TRUCKING is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF COLLECTIVE BARGAINING AGREEMENTS)**

13. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. At all times relevant hereto, Defendant SEA-JET TRUCKING agreed to be bound by the terms and conditions of two (2) collective bargaining agreements with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreements").

15. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152, having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

16. Upon information and belief, for the period of October 1, 2019 through Present, Defendant SEA-JET TRUCKING has failed to remit payment of contractually required fringe benefit contributions in the amount of no less than $34,940.48.

17. Defendant SEA-JET TRUCKING remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

18. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreements by Defendant SEA-JET TRUCKING, said Defendant is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of no less than $34,940.48.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

19. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 18 inclusive with the same force and effect as though more fully set forth at length herein.

20. The failure of Defendant SEA-JET TRUCKING to make the required fringe benefit contribution payments to Plaintiffs LOCAL 2013 TRUST FUNDS for the period of October 1, 2019 through Present in the amount of no less than $34,940.48 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit

contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

21. Defendant SEA-JET TRUCKING remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

22. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreements by Defendant SEA-JET TRUCKING and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant SEA-JET TRUCKING is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of not less than $34,940.48, together with accumulated additional interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the First Cause of Action as against Defendant SEA-JET TRUCKING & A.P.A.

WAREHOUSES, INC. d/b/a SEA-JET TRUCKING in the amount of contributions determined to be due and owing in the amount of no less than $34,940.48.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the Second Cause of Action as against Defendant SEA-JET TRUCKING & A.P.A. WAREHOUSES, INC. d/b/a SEA-JET TRUCKING in the amount of contributions determined to be due and owing in the amount of no less than $34,940.48, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
January 2, 2020

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By: */s/ James M. Steinberg*

James M. Steinberg, Esq.
Attorneys for Plaintiffs
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293